UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:12-cv-80668-RNS

JAN VAN VECHTEN, et al.,

    Plaintiffs,

vs.

BRIAN ELENSON, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on the Motion to Stay Discovery [ECF No. 47], filed by Defendants Atlas Media Corp., Bruce David Klein, Time Warner Inc., Turner Broadcasting System, Inc., and Courtroom Television Network, LLC (the "Media Defendants"). Upon careful consideration, this Motion is denied.

Although the Court has discretion to stay discovery, *see McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006), this District's Local Rules make clear that a stay of discovery pending the determination of a motion to dismiss is the exception, rather than the rule. *See* S.D. Fla. Local Rules, App. A, Discovery Practice Handbook I.D(5). "Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "A request to stay discovery pending a resolution of a motion is rarely appropriate unless a resolution of the motion will dispose of the entire case." *McCabe*, 233 F.R.D. at 685. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery" – a process that "involves weighing the likely costs and burdens of proceeding with discovery." *Feldman*, 176 F.R.D. at 652.

Here, the Media Defendants readily admit that "Plaintiffs have not yet served discovery requests on [them]." Mot. at 2. Yet, the Media Defendants contend a stay is justified because if and when they are served with discovery, they "will be subjected to an undue burden to the extent they will be required to spend time and resources responding to discovery on claims that ultimately may be dismissed." *Id.* But the same could be said of every case in which a motion to dismiss is filed. Such argument fails to demonstrate the type of specific and extraordinary "prejudice or burdensomeness" necessary for entry of a discovery stay. *See Bocciolone v. Solowsky*, 2008 WL 2906719 at *2 (S.D. Fla. July 24, 2008) (Cooke, J.) (quoting S.D. Fla Local Rules, App. A, Discovery Practices Handbook I.D(5)). Specifically, the Media Defendants have not identified anything special about their motion to dismiss that would take it outside of the general rule. Nor have they shown that absent a stay, discovery in this case will turn especially burdensome. The Court therefore concludes that there is no basis for a stay of discovery at this time.

Accordingly, it is here by **ORDERED and ADJUDGED** that the Media Defendant's Motion to Stay Discovery [ECF No. 9] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on July 20, 2012.

_____
**HON. ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Magistrate Judge Hopkins
Counsel of record