UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80668-Civ-SCOLA

JAY VAN VECHTEN, et al.,

      Plaintiffs,

vs.

BRIAN ELENSON, et al.,

      Defendants.

_____/

ORDER DENYING WITHOUT PREJUDICE MOTION
TO DISMISS CROSS-CLAIM AND COMPEL ARBITRATION

THIS MATTER is before the Court upon the Media Defendants' Motion to Dismiss and Compel Arbitration [ECF No. 66], filed by Atlas Media Corporation ("Atlas") and Courtroom Television Network (together, the "Media Defendants"). The Media Defendants seek an order dismissing the cross-claim filed by Brian Elenson ("Elenson") and 2MuchStuff4Me, Inc. (together, the "Elenson Defendants"), and compelling the parties to arbitration. For the reasons explained below, this Motion is denied without prejudice.

The Media Defendants contend that the Elenson Defendants are required to arbitrate their cross-claim pursuant to an agreement that Elenson executed with Atlas in November 2010. Although the Media Defendants block-quote a single paragraph from the agreement, they do not attach it to their Motion, stating instead that the agreement "will be filed separately upon entry of a confidentiality order due to the confidential, proprietary and/or trade secret nature of the contract." Mot. at 2. The Court cannot compel arbitration without having the agreement in hand and simply saying that the agreement will be provided upon entry of a confidentiality order, when the Media Defendants have not moved for one, will not do. Instead of waiting idly for the Court to *sua sponte* enter a protective order, the Media Defendants should have sought permission to file the agreement under seal, following the procedures set forth in Rule 5.4 of this District's Local Rules.

The importance of having the agreement before the Court cannot be overstated. Aside from being absolutely necessary to assessing exactly what the agreement covers and between which parties, the agreement is also essential for choice-of-law purposes. The Court must "apply

ordinary state-law principles that govern the formation of contracts" to determine whether the agreement requires the parties to arbitrate. *See Entrekin v. Internal Med. Assocs. of Dothan, P.A.*, 689 F.3d 1248, 1251 (11th Cir. 2012) (noting, further, that "determining whether a claim falls within the scope of an arbitration agreement is generally a matter of state law") (citations omitted). While the Media Defendants cite to Florida law on the enforcement of arbitration agreements, the Court cannot be sure that Florida law applies here without the agreement in hand. Many, if not most, contracts of this sort contain a choice-of-law clause setting forth what state's law shall govern the interpretation of its terms, and such choice-of-law clauses are usually enforced and followed. *See Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013) ("courts 'enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy'"). Thus, having the agreement is essential to resolving the choice of law question and, in turn, the question of whether the cross-claim must be submitted to arbitration.

Not only is the Court without the very agreement necessary to resolve the question of arbitrability, it is also without necessary argumentation and supporting authorities to decide the issue. The Media Defendants' Motion and reply memorandum together provide a scant four pages of argument and do not sufficiently address the issues raised by the Elenson Defendants. For their part, the Elenson Defendants fail to adequately brief whether non-signatories are bound by the agreement to arbitrate and why the agreement does not apply to the dispute at issue in the cross-claim. Parties cannot come into federal court and throw out issues, leaving it to the district court to flesh out the details. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (internal citations omitted). "Rather, the onus is upon the parties to formulate arguments," to explain them adequately, and to provide supporting case law showing why they should win. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Any renewed request to arbitrate by the Media Defendants must include more detailed arguments and supporting authorities justifying the relief sought. Likewise, the Elenson Defendants must include more detailed arguments and supporting authorities as to why the cross-claim is not subject to arbitration.

Accordingly, for the reasons above, it is hereby **ORDERED and ADJUDGED** that the Media Defendants' Motion to Dismiss and Compel Arbitration [ECF No. 66] is **DENIED** without prejudice.  If the Media Defendants wish to renew their request to compel arbitration, they must do so by **July 31, 2013**.  If a renewed motion is filed, the Media Defendants must submit a copy of the agreement, and both parties will be expected to provide more detailed argument to assist the Court in determining whether the cross-claim must be arbitrated.

      **DONE and ORDERED** in chambers, at Miami, Florida, on July 17, 2013.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**